IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **WEST TENNESSEE AIR SERVICE, LLC,** <br><br> Plaintiff/Counter-Defendant, <br><br> vs. <br><br> **WTAS LLC, KYLE E. RICH,** <br> **and MELODY L. RICH,** <br><br> Defendants/Counter-Plaintiffs. <br><br> **WTAS LLC, KYLE E. RICH,** <br> **and MELODY L. RICH,** <br><br> Third-Party Plaintiffs, <br><br> vs. <br><br> **MONTE WARNE,** <br><br> Third-Party Defendant. | No.: 1:23-cv-1132-STA-jay |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Plaintiff West Tennessee Air Service, LLC filed this action in the Chancery Court of Dyersburg, Tennessee, asserting a claim for an alleged breach of contract by Defendants WTAS, LLC and Kyle and Melody Rich.[1] Defendants removed the action to this Court with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332. Before the Court is a motion to remand filed by Plaintiff. (ECF No. 10.) Plaintiff asserts that the amount in controversy required by § 1332 has not been met. Defendants have filed a response in which they oppose the motion. (ECF No. 12.) With the Court's permission. Plaintiff filed a reply to Defendants' response. (ECF No. 15.)

---

[1] Defendants have filed a third-party claim against Monte Warne, the former owner of West Tennessee Air Service.

The Court heard argument on the motion on September 28, 2023. For the reasons set forth below, Plaintiff's motion is **DENIED**.

Background

This dispute relates to the purchase of Plaintiff's crop-dusting business assets by Defendants. Defendants paid $145,462.14 on the promissory note but stopped paying when they purportedly believed they had been fraudulently induced to purchase non-existent or minimal goodwill and going concern value of Plaintiff West Tennessee Air Service.  It is undisputed that Defendants have stated that they do not intend to pay the remaining balance of the Promissory Note. The total amount of unpaid installments payments on the $900,000 promissory note is $754,537.86.

In the motion to remand, Plaintiff asserts that the amount in controversy does not satisfy the requirements of 28 U.S.C. § 1332(a) because the state court complaint states a demand not to exceed $73,568.51. This amount is comprised of seven unpaid installment payments of the promissory note between Plaintiff and Defendant WTAS, guaranteed by the Riches, which totals $56,568.51, plus not more than $17,000 in attorney fees.

Plaintiff does not contest that it demanded payment of the full amount of the unpaid installments on December 16, 2021, and threatened to file suit against Defendants if they did not pay the balance of the note.

On January 6, 2023, WTAS, LLC and Kyle and Melody Rich (defendants in this action) filed suit against West Tennessee Air Service, LLC, Monte Warne, and J. Michael Gauldin, as trustee of the Meredith Z. Warne Family Trust, in the District Court for Fayette County, Iowa. Defendants (plaintiffs in this action excluding the Trust) removed the action to the United States District Court for the Northern District of Iowa. *WTAS v. West Tennessee Air Service, LLC, et al.*,

6:23-cv-2015-CJW-MAR, (N.D. Iowa) (ECF No. 1.) The removal was predicated on diversity of citizenship, 28 U.S.C. § 1332, and the notice of removal filed by then-Defendants stated that "[t]he amount in controversy exceeds $75,000 because Plaintiffs allege they were misled and induced to make a $1.8 million asset purchase." (*Id.* at para. 4.) Subsequently, then-Defendants moved to dismiss the action for lack of personal jurisdiction, and the Court granted the motion. *Id.*, 2023 WL 3778716, at *1 (N.D. Iowa Apr. 24, 2023)

When present-Defendants did not pay the balance, Plaintiff filed this suit in the Chancery Court for Dyersburg, Tennessee, for the seven payments unpaid as of the date of the filing of the lawsuit. Plaintiff defends its actions by pointing out that Tennessee law treats each unpaid installment on an installment promissory note as a separate cause of action. Plaintiff relies on *Farmers & Merchants Bank v. Templeton*, 646 S.W.2d 920, 923 (Tenn. App. 1982), for this proposition. In response, Defendants argue that the jurisdictional amount has been met and removal is proper because the entire promissory note has a principal amount greater than $75,000 and, in effect, the entire unpaid balance of the note is the "amount in controversy."

The parties agree that there is complete diversity between them.  Therefore, the only issue for the Court is whether the jurisdictional amount has been met.  Plaintiff contends that it is permitted to plead less than the total amount of the note to avoid federal court jurisdiction, while Defendants counter that the jurisdictional amount is satisfied because the $73,568.51 demand is not in "good faith" and the object of the litigation is the unpaid balance of the promissory note, totaling $754,537.86.  Defendants also assert that the exceptions in 28 USC § 1446(c)(2)(A) apply and give this Court jurisdiction.

Standard of Review/Analysis

A defendant may remove a civil case filed in state court to federal court if the cause could have been brought originally in federal court, *see* 28 U.S.C. § 1441(a) (authorizing defendants to remove civil actions from state court to federal court when the action initiated in state court is one that could have been brought originally in a federal district court); however, a district court must remand a removed action when it appears that the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") The defendant bears the burden of establishing that removal is proper. *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citation omitted). "The removal petition is to be strictly construed, with all doubts resolved against removal." *Queen ex rel. Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989) (citation omitted).

The amount in controversy is assessed at the time the complaint is filed, *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920–21 (6th Cir. 2000), or, in the case of removal, when the removal notice is filed. *Rogers*, 230 F.3d at 871. If the state court complaint specifically seeks less than $75,000, removal on the basis of diversity will not be allowed unless the amount sought was stated in bad faith. *Id.*

To determine if removal is proper, the Court must look at 28 U.S.C. §1446, the removal statute. The relevant portion of this section provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
>   (A) the notice of removal may assert the amount in controversy if the initial pleading seeks-
>
>     (i)     nonmonetary relief; or

        (ii)    a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

      (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446 (c)(2).

Thus, if the complaint filed in state court asserts a specific amount of monetary relief and that amount is sought in good faith, the requested amount "shall be" the amount in controversy, unless an exception applies as provided in 28 U.S.C. § 1446(c)(2). In the present case, non-monetary relief is not sought, and Tennessee state court practice does permit a demand for a specific sum; therefore, the Court must look at the exception in the last part of subsection § 1446(c)(2)(A)(ii), i.e., whether Tennessee state court practice "permit[s] recovery of damages in excess of the amount demanded," to determine if the amount in controversy has been met. The Court finds that it does not permit such recovery.

Plaintiff correctly asserts that Tennessee state practice prohibits recovery of any amount greater than the amount stated in a specific ad damnum clause. As explained in *Fulmer v. SARCO, GP*, 2023 WL 5787082 (Tenn. Ct. App. Sept. 7, 2023),

> Rule 8.01 of the Tennessee Rules of Civil Procedure provides that a claim shall contain "a demand for judgment for the relief the pleader seeks." Based on this rule, commentators have stated that our rules "do not permit ... a party to recover money damages in excess of the amount sought in the ad damnum of the complaint." *Romine v. Fernandez*, 124 S.W.3d 599, 605 (Tenn. Ct. App. 2003) (quoting Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5–4(c) (1999)); *see also Cross v. City of Morristown*, No. O3A01-9606-CV-00211, 1996 WL 605248, at *3 (Tenn. Ct. App. Oct. 23, 1996) ("A judgment that exceeds the ad damnum clause is invalid." (citing *Gaylor v. Miller*, 166 Tenn. 45, 59 S.W.2d 502, 504 (Tenn. 1933))). "This rule is based on considerations of fairness because the purpose of a complaint is to provide an adverse party with sufficient notice of the allegations the party is called on to answer." *Harrison v. Laursen*, 1998 WL 70635, at *5 (Tenn. Ct. App. Feb. 20, 1998).

*Fulmer*, 2023 WL 5787082, at *3.  *See also Newcomb v. Kohler Co.*, 222 S.W.3d 368, 384 (Tenn. App. 2006) ("Our case law establishes that, absent a statute or rule of law to the contrary, a plaintiff is prohibited from recovering money damages in excess of the amount sought in the complaint.")[2]

Moreover, Tenn. R. Civ. P. 15.02 states, in part: "Provided, however, amendment after verdict so as to increase the amount sued for in the action shall not be permitted." Tenn. R. Civ. P. 15.02. The comment to the rule says: "Amendment after verdict is permitted, but it is expressly provided that no amendment after verdict may increase the amount sued for."[3]

---

[2] To the extent that Defendants have attempted to rely on cases that arise under Kentucky law, those cases are inapposite because Kentucky law prohibits a plaintiff from making a monetary demand in the complaint under Ky. R. Civ. P. 8.01(2) ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court…."). Thus, Kentucky remand decisions of cases seeking unliquidated damages fall under 28 U.S.C. §1446(c)(2)(A)(ii) ("State practice [] does not permit demand for a specific sum"), whereas in Tennessee this subsection is not applicable.

[3] Defendants argue that Tennessee Rule of Civil Procedure 54.03, as applied in *Rogers v. Wal–Mart*, 230 F.3d 868, 871 (6th Cir. 2000), allows a plaintiff to claim an amount lower than the federal jurisdictional amount but seek and recover damages exceeding the amount prayed for in the complaint. The portion of the *Rogers* opinion applying Rule 54.03 has been soundly criticized.

> In that case, the Court, in dicta, in ruling on the effect of a post-removal stipulation by the plaintiff that her damages did not exceed $75,000, stated that the Tennessee Rules of Civil Procedure allow a plaintiff to recover a judgment in excess of the amount prayed for in the complaint. The decision relied upon an incomplete quotation from Rule 54.03 of the Tennessee Rules of Civil Procedure and entirely ignored Rule 15.02 of the same rules, which provides that "amendment after verdict so as to increase the amount sued for in the action shall not be permitted." *Rogers* has been roundly criticized for this mistaken construction of the Tennessee rule by Donald F. Paine, the long-time Reporter to the Tennessee Supreme Court's Advisory Commission on the Rules of Practice and Procedure. Donald F. Paine, *Removal Jurisdiction*, 38 Tenn. B.J. 19 (2002).

*Bennett v. K Mart Corp.*, 2008 WL 2511268, at *2 (M.D. Tenn. June 19, 2008); *see also Lawrence v. E.I. DuPont De Nemours & Co.*, 2005 WL 6147578, at *2 n. 1 (M.D. Tenn. Nov.10, 2005).

The Court finds that the exception in the last part of subsection § 1446(c)(2)(A)(ii), i.e., whether Tennessee state court practice "permit[s] recovery of damages in excess of the amount demanded," does not apply, and the only question presented is whether Plaintiff's demand in state court was made in good faith.[4]

When a plaintiff alleges a specific amount of damages in the complaint, as in this case, that amount controls unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount. *Klepper v. First Amer. Bank*, 916 F.2d 337, 340 (6th Cir.1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-289 (1938)).

> It has long been established that, for cases filed in federal court, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *see also Jaiyeola v. Brundage*, No. 22-1083, 2022 WL 18781019, at *2–3 (6th Cir. Nov. 14, 2022) (citing *St. Paul Mercury*); *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005) (same); *Wood v. Stark Tri-Cty. Bldg. Trades Council*, 473 F.2d 272, 273 (6th Cir. 1973) (same).

*Moore v. Prime Now, LLC*, 2023 WL 2466370, at *2 (M.D. Tenn. Mar. 10, 2023). *See also Dipasquale v. Main St. Am. Grp.*, 2015 WL 13214626, at *3, n.3 (E.D. Tenn. July 6, 2015) ("This Court must be guided by '[t]he general rule ... that the amount claimed in good faith by the plaintiff controls unless it appears to a legal certainty that the claim is for less than the jurisdictional amount....' *Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir. 1983). In this case, although it may be a stretch to believe the amount of $74,999.00 was claimed in good faith, it still remains the defendant's burden to show the amount in controversy exceeds $75,000.00.)[5]

---

[4] The parties appear to disagree as to whether the Court must first decide if the demand was made in good faith and then look at the exceptions contained in § 1446(c)(2)(A) or whether the Court must first decide if an exception in § 1446(c)(2)(A) applies. This appears to be a distinction without a difference.

[5] Differing standards apply depending on the posture of the case. When a plaintiff files suit in federal court and the defendant challenges the amount in controversy, the plaintiff must show to a

Although Plaintiff correctly notes that, under Tennessee state law, each unpaid installment of a promissory note is a separate cause of action and separate suits may be instituted for unpaid installments, *see Farmers & Merchants Bank*, 646 S.W.2d at 923, the Court finds that in the present case the good faith amount in controversy is the entire unpaid amount of the promissory note. Previously, based on the same set of facts and legal claims, present-Plaintiffs represented to the United States District Court for the Northern District of Iowa that the amount in controversy "exceed[ed] $75,000 because Plaintiffs [present-Defendants] allege they were misled and induced to make a $1.8 million asset purchase." Present-Plaintiffs cannot in good faith take a contrary view in this Court.

Furthermore, when "a suit is brought to establish directly the right to receive any payments because the putative defendant has repudiated that right entirely, and not just with respect to current payments, the amount in controversy is the entire amount that may ever come due." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3rd Cir. 1999) (holding that the entire amount due to a beneficiary of a trust is the amount in controversy, not just the outstanding payments); *see also Aetna Cas. & Sur. Co. v. Flowers*, 330 U.S. 464, 469 (1947) (finding that the amount in controversy included future installment payments due under a workers' compensation insurance contract, when the right to all payments was at issue); *Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 417 (6th Cir. 1996) (concluding that, when a case concerns the validity of an entire insurance policy, future

---

legal certainty that the amount has been met. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993), *abrogated by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). When a defendant removes a state court case to federal court and the complaint sets forth an unspecified amount, the preponderance standard applies. *Hubbard v. Elec. Arts, Inc.*, 2011 WL 2792048, at *6 (E.D. Tenn. July 18, 2011). However, when the plaintiff has claimed a specific amount less than the jurisdictional amount, that amount controls unless it appears to a legal certainty that the plaintiff in good faith cannot claim that amount. *Kleppe*r, 916 F.2d at 340.

.

benefits that might be owed should be considered part of the amount in controversy). If this matter is remanded and Plaintiff prevails, then that recovery will determine the validity of the contract, which Defendants challenge, thus establishing Plaintiff's right to not only the seven unpaid installment payments but also to all subsequent payments, which Plaintiff's counsel indicated at the hearing Plaintiff intends to pursue. *See Ostheimer v. Ostheimer*, 2004 WL 689881, at *5 (Tenn. Ct. App. Mar. 29, 2004) (explaining that the doctrine of issue preclusion, or "collateral estoppel," bars parties or their privies from relitigating issues of fact or law which were actually and necessarily determined in a former action between them (citing *King v. Brooks*, 562 S.W.2d 422 (Tenn.1978)).[6]

Rather than just the seven unpaid installment payments that were due at the time of the filing of the lawsuit in the amount of $56,568.51 (plus an additional $17,000 in attorney fees), Defendants have met their burden to show that the amount in controversy is the right to the entire value of the promissory note. The amount of unpaid installments is $754,537.86, which is approximately the amount Plaintiff demanded from Defendants in Warne's December 16, 2021 email. The trial of this matter will determine the validity of the asset purchase agreement and the right to all payments under the promissory note as evidenced by Plaintiff's claim that "[t]he failure to make **each payment due** under the Installment Promissory Note is a breach of contract." (Cmplt. ¶ 14 (emphasis added), ECF No. 1-2.)

---

[6] At the hearing, Plaintiff's counsel acknowledged that filing separate suits as each unpaid installment came due was perhaps not the best use of judicial resources. He also admitted that the doctrine of res judicata/claim preclusion would apply to future lawsuits if Plaintiff prevailed in this suit.

Based on the foregoing, the Court finds that the amount of damages sued for in the state court complaint was not made in good faith, and removal was proper in this case pursuant to 28 U.S.C. § 1446.  Accordingly, Plaintiff's Motion to Remand is **DENIED**.

IT IS SO ORDERED.

    s/ S. Thomas Anderson
    S. Thomas Anderson
    United States District Judge

Date:  November 17, 2023.